UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALONZO MEGGETT, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-339-XR |
| | § | |
| MARGARET AYALA-MEGGETT | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## ORDER

On this date the Court considered United States Magistrate Judge John W. Primomo's Report and Recommendation in the above-numbered and styled case, filed September 28, 2015, (docket no. 11) and Plaintiff Alonzo Meggett, Jr.'s objections thereto (docket no. 16).  After careful consideration, the Court will ACCEPT Magistrate Judge Primomo's recommendation, DISMISS the case without prejudice for lack of subject matter jurisdiction, and order sanctions.

## BACKGROUND

Plaintiff filed suit in this Court on April 27, 2015, naming his ex-wife, Margaret Ayala-Meggett, as Defendant.  Docket no. 1.  Defendant filed her Answer on July 28, 2015, asserting that this Court lacked subject matter jurisdiction.  Docket no. 5.  In an August 6, 2015, Show Cause Order, Magistrate Judge Primomo ordered Plaintiff to either dismiss the lawsuit or file an amended complaint that states a statutory and factual basis for federal jurisdiction.  Docket no. 7. The Order warned Plaintiff that if he filed a frivolous amended complaint, he could be sanctioned under Rule 11.  Docket no. 7 at 3–4.

1

Plaintiff filed his Amended Complaint on August 28, 2015.  Docket no. 10.  Plaintiff asks that this Court set aside his divorce decree, which was granted by the 408th Judicial District Court of Bexar County, Texas, on November 19, 2014, and sanction Defendant's then-attorney, Robert Valdez.  Docket no. 10 at 9.  He alleges that Valdez engaged in "unprofessional" and "unethical" practices throughout the divorce and "developed documents in secret" before submitting them to the state court.  Docket no. 10 at 2.  Plaintiff also maintains that Valdez harassed him and organized activities against him, in conjunction with the state court's clerk, because of his race.  *Id.*  Plaintiff claims that the clerk ignored his filings and requests, and that this contributed to the entering of the divorce decree, which he opposes.  *Id.*  He believes this constitutes discrimination.  *Id.* at 6.

Additionally, Plaintiff alleges that Defendant failed to meet with him for brunch and failed to show up for mediation.  *Id.* at 3.  He also complains that Defendant did not utilize the divorce attorney of his choice, but instead hired a different lawyer.  *Id.*  Plaintiff seems to believe that Valdez should have presented any filings to the state court for Plaintiff's approval and signature before filing them, even though Valdez was representing Defendant, not Plaintiff.  *Id.* at 5–6.  He also maintains that Valdez was given preferential treatment because of his "status" at the courthouse.  *Id.* at 4.

In the Amended Complaint, he lists several statutes and regulations which he believes give this Court subject matter jurisdiction to vacate his divorce decree, including the Civil Rights Act of 1964, Executive Order 11246 (which is an order issued by President Johnson prohibiting discrimination in federal employment practices), 41 C.F.R. § 60, and the "Equal Employment Opportunity Commission (EEOC), Equal Opportunity Policy (EEO)."  *Id.*

Magistrate Judge Primomo issued a Memorandum and Recommendation evaluating Plaintiff's Amended Complaint on September 28, 2015.  Docket no. 11.  Magistrate Judge Primomo found that the lawsuit should be dismissed without prejudice for lack of subject matter jurisdiction and that Rule 11 sanctions should be imposed.  *Id.* at 2.  Judge Primomo noted that "regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States," and as such, this Court does not have jurisdiction to vacate a state court's divorce decree.  *Id.* at 6.  Judge Primomo also found that Plaintiff should be sanctioned in the amount of $1,000 for the continued prosecution of this case.  *Id.* at 7.  Pursuant to Rule 72(b), Plaintiff was given 14 days to file written objections to the Memorandum and Recommendation. *Id.* at 8.

On October 22, 2015, three days after the deadline to file objections, Plaintiff filed two documents with the Court.  Docket nos. 15, 16.  The first is a letter that requested the Court consider the objections as timely.  Docket no. 15 at 2.  In the letter, Plaintiff alludes to a woman he spoke to in the "EEOC office" and a female judge.  *Id.* at 2.  He also speaks about the complaint of a man named Burton.  *Id.*  He states that a judge called him on the telephone to speak to him about this Burton's complaint, and that said judge, who he refers to as a woman, informed him that he had until October 22 to file his objections in this case.  *Id.* at 3.  He also explains that he spoke to a receptionist named Estella at the "EEOC building".  *Id.*

Plaintiff's second document has been construed by the Court as Plaintiff's objections to the Magistrate's Memorandum and Recommendation.  Docket no. 16.  In this document, Plaintiff begins by stating he conversed with Magistrate Judge Primomo over the telephone.  *Id.* at 1.  However, the number he provides is not the number to Judge Primomo's chambers. Throughout the rest of the document, Plaintiff restates the grievances that he laid out in his

3

Amended Complaint. Namely, Plaintiff complains that Valdez "unilaterally" created documents on behalf of the Defendant without any involvement from Plaintiff, and together with the state court clerk, Plaintiff believes Valdez discriminated against him. *Id.* at 3–8. He also attempts to establish this Court's jurisdiction by again citing the Civil Rights Act of 1964. *Id.* at 8–9. Then, Plaintiff lists several Federal Rules of Civil Procedure that he believes Valdez has violated. *Id.* at 9–11. Nowhere in the document does he state specific objections to the Memorandum and Recommendation, nor does he identify specific provisions in it that he objects to.

## LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir.1982).

## ANALYSIS

Plaintiff did not file his objections before the expiration of the 14-day deadline. While he claims he spoke to several people who said he had an extended deadline, none of the people

identified by Plaintiff work for the federal court system or have any authority over this case. Furthermore, the Court finds that Plaintiff's objections are frivolous and conclusory. Plaintiff does not attempt to offer specific objections to the Memorandum and Recommendation, but rather, simply rehashes the factual allegations that are contained in his Amended Complaint. As a result, the Court is not required to conduct a de novo review. However, out of an abundance of caution, the Court has reviewed the Memorandum and Recommendation, examined Plaintiff's documents, and conducted a de novo review.

## I.     Subject Matter Jurisdiction

If a federal court lacks subject matter jurisdiction over a matter, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The party seeking relief bears the burden of establishing subject matter jurisdiction. *United States v. Hays*, 515 U.S. 737, 743 (1995). Subject matter jurisdiction may be established via diversity of citizenship or federal question jurisdiction. *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007). As Judge Primomo concluded, Plaintiff has shown neither.

First, the Court cannot exercise subject matter jurisdiction based on diversity of citizenship in this case pursuant to 28 U.S.C. § 1332. For diversity jurisdiction, complete diversity is required. *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974). In other words, "no party on one side may be a citizen of the same State as any party on the other side." *Id.* at 1399. Here, as Judge Primomo noted, both Plaintiff and Defendant are residents of Texas. Docket no. 11 at 3 (noting the addresses listed on the summons); *see also* docket no. 3 (providing the addresses of both parties). As a result, the parties are not completely diverse and the Court may not exercise subject matter jurisdiction based on diversity of citizenship.

Second, this case presents no federal question that would allow the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). A case arises under federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983)). Plaintiff's Amended Complaint presents no facts that would give rise to a federal cause of action or necessitate the Court resolve a question of federal law.

As Judge Primomo outlined in his Memorandum and Report, Plaintiff complains that Valdez discriminated against him by performing supposedly unlawful practices and by refusing to show him documents before filing them in state court. Plaintiff also believes that this was partly motivated by his race. Judge Primomo construed these factual allegations as a potential § 1983 claim, but correctly noted to succeed on such a claim, Plaintiff would need to show that the alleged violation of any Constitutional right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Valdez is a private citizen who was acting on behalf of the Plaintiff's ex-wife. Additionally, Plaintiff has named his ex-wife, not Valdez, as the Defendant in this lawsuit. Moreover, Plaintiff's allegations do not constitute any wrongdoing on behalf of Valdez.

Plaintiff seems to argue in his Amended Complaint that this Court has subject matter jurisdiction over this case by way of the Civil Rights Act of 1964, Executive Order 11246, 41 C.F.R. § 60, and the "Equal Employment Opportunity Commission (EEOC), Equal Opportunity Policy (EEO)."  Docket no. 10.  None of these statutes or regulations are relevant to the facts contained in Plaintiff's Amended Complaint.  Additionally, in the document the Court has construed as objections, Plaintiff lists several Federal Rules of Civil Procedure that he believes Valdez violated in his state court divorce proceeding.  Docket no. 16 at 9–11.  First, the Rules are not applicable in state court proceedings.  Second, any violation of a procedural rule by Valdez in a state court proceeding would not give rise to a federal question that necessitates this Court exercise subject matter jurisdiction.

Moreover, the crux of Plaintiff's Amended Complaint is a request that this Court vacate his divorce decree.  Federal courts have traditionally refused to exercise subject matter jurisdiction in a variety of domestic relations cases, including suits for divorce and alimony. *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978).  This domestic-relations exception prevents the Court from exercising jurisdiction here.  The Court lacks subject matter jurisdiction over this case and accepts Magistrate Judge Primomo's recommendation to dismiss the case without prejudice.

## II.    Sanctions

Next, the Court turns to the magistrate's recommendation that the Plaintiff pay $1,000 in sanctions.  Defendant's Answer asserts that Defendant has raised a counterclaim and requests damages for mental anguish and attorneys' fees.  Docket no. 5 at 4–5.  However, Defendant has not stated a cause of action, nor has she pled any facts that would give rise to a cause of action, were the Court to have jurisdiction over this case.  As a result, any such counterclaim is

dismissed.  Instead of stating a counterclaim, Defendant seems to argue that Plaintiff's filing of this case is frivolous and presented for an improper purpose, and thus sanctions under Rule 11 are warranted.  The Court has reviewed Magistrate Judge Primomo's recommendation on this matter and finds that it is correct.

Rule 11 prohibits attorneys and unrepresented parties from presenting filings to the Court for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and requires that "the claims, defenses, and other legal contentions" presented "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. . ."  Fed. R. Civ. P. 11(b).  Plaintiff has violated Rule 11 by pursuing claims he should know to be frivolous, due to repeated explanations and warnings by Judge Primomo.  The Court accepts the recommendation and directs that the Plaintiff pay $1,000 in sanctions for pursuing a case in federal court without any arguable basis for jurisdiction.

## CONCLUSION

The Court ACCEPTS the Magistrate Judge's recommendations and orders that this case is DISMISSED for lack of subject matter jurisdiction.  Plaintiff is ORDERED to pay Defendant $1,000 as sanctions.

It is so ORDERED.

SIGNED this 11th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE