# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALONZO MEGGETT, JR., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-15-CV-339-XR |
| MARGARET AYALA-MEGGETT, | § § § | |
| *Defendant.* | § § | |

## ORDER

On this date the Court considered Plaintiff Alonzo Meggett, Jr.'s Motion for Reconsideration. Docket no. 20. After careful consideration, the Court DENIES the motion.

## BACKGROUND

A complete background of this case can be found in this Court's previous order adopting Magistrate Judge John Primomo's Memorandum and Recommendation. Docket no. 17. In short, *Pro se* Plaintiff Alonzo Meggett Jr. filed suit against his ex-wife, Defendant Margaret Ayala-Meggett, in this Court on April 27, 2015. Docket no. 1. Plaintiff later filed an amended complaint, the crux of which was a request for this Court to vacate a divorce decree between him and his ex-wife. Docket no. 10. In the amended complaint, Plaintiff also alleged that the Bexar County District Clerk and his ex-wife's attorney conspired against him and violated multiple federal statutes and regulations, though he did not name either as a defendant. *Id*. Judge Primomo recommended that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction because both Plaintiff and his ex-wife were citizens of Texas and because there was no federal question presented. Docket no. 11. Judge Primomo also recommended sanctioning Plaintiff under Rule 11. *Id*. On December 11, 2015, this Court adopted the recommendation,

dismissed the case, and sanctioned Plaintiff $1,000 for "violat[ing] Rule 11 by pursuing claims he should know to be frivolous, due to repeated explanations and warnings by Judge Primomo." Docket no. 17. On June 2, 2017, Plaintiff filed a "Motion for Reconsideration and Order to Make Whole Remedial Action as Legally Allowed and Counterclaim & Reference to Complaint," apparently seeking review of the Court's order adopting Judge Primomo's recommendation because Plaintiff filed a counterclaim for $10,000 against Defendant in small claims court in a different action. Docket no. 20.

## LEGAL STANDARD

The Court construes Plaintiff's motion as a Rule 59(e) motion for reconsideration. A motion invoking Rule 59(e) must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59. This rule "is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989)). Rule 59(e) does not give a movant the opportunity to present evidence, legal theories, or arguments available to him before the entry of judgment. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (holding that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Rule 59(e) does, however, allow a movant to "call[ ] into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d at 581. Accordingly, Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; or (3) a clear error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). However, Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued."

*Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of a judgment after it has been entered is a remedy that should be used only rarely. *See Templet,* 367 F.3d at 479.

## DISCUSSION

Plaintiff filed his Motion for Reconsideration on June 2, 2017—533 days after the final judgment was entered on December 11, 2015. Docket no. 18. Plaintiff does not provide a reason for this delay, other than an attachment of a counterclaim in small claims court. Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of a judgment. FED. R. CIV. P. 59. Consequently, Plaintiff's motion is untimely—he filed his motion 505 days past the Rule 59(e) deadline. Docket no. 20. His motion for reconsideration is time barred by Rule 59(e).

Even if this Court were to ignore the untimeliness of his motion, Plaintiff has not cited a change in controlling law, provided the Court with new evidence benefitting his case, or cited a clear error of law or fact in the record. Plaintiff's complaint was dismissed for a lack of subject matter jurisdiction. Docket no. 17. This Court found that there was no diversity jurisdiction because both Plaintiff and his ex-wife were citizens of Texas, and that there was no federal question presented in the complaint because any references to federal statutes applied to non-parties, such as the Bexar County District Clerk and his ex-wife's attorney. Plaintiff has not provided this Court with any new evidence establishing subject matter jurisdiction. There is nothing in the record to indicate that Plaintiff and Defendant are now diverse. *See* Docket no. 20. Consequently, Plaintiff is unable to establish subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff has also failed to present a federal question in his complaint. This Court found Plaintiff did not allege facts that would give rise to a federal claim in his original and amended complaints. Plaintiff's motion does not provide new allegations of discrimination or any other

3

federal claims. Consequently, the Court still lacks subject matter jurisdiction under 28 U.S.C. § 1331.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Docket no. 20) is DENIED.

It is so ORDERED.

SIGNED this 12th day of June, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE